UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERICK GRADY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAIMLERCHRYSLER CORPORATION, )<br>)<br>Defendant. ) | CASE NO. 1:04-cv-2033-DFH-TAB |

ENTRY ON PENDING MOTIONS

Defendant DaimlerChrysler Corporation has moved for summary judgment. The motion is granted in part and denied in part. Plaintiff Erick Grady has worked for DaimlerChrysler for about 19 years and has been a production supervisor for about 13 years. Grady has alleged claims of race and disability discrimination. In response to the defendant's motion for summary judgment, he has abandoned his claims of race discrimination and his claim of a hostile environment based on disability, in violation of the Americans with Disabilities Act. Grady maintains, however, that he was subjected to disability discrimination when he was disciplined on two occasions for failing to inform his supervisor of problems (one parts shortage and one equipment malfunction) that caused his department to lose production.

The first incident occurred on May 13, 2003, and it resulted in a written reprimand to Grady.  Based on the undisputed facts, this claim cannot support relief under the ADA for two reasons.  First, Grady did not file a charge with the Equal Employment Opportunity Commission until April 28, 2004, which was more than 300 days after the written reprimand in May 2003.  See 42 U.S.C. § 12117(a), adopting deadline set forth in 42 U.S.C. § 2000e-5(e)(1).  Second, the written reprimand did not amount to an adverse employment action:  it did not result in any reduction in compensation or adversely affect his working conditions.  See *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 731 (7th Cir. 2004) (affirming summary judgment; negative evaluation or admonishment by an employer does not rise to the level of an adverse employment act); accord, *Sweeney v. West*, 149 F.3d 550, 556-57 (7th Cir. 1998) ("negative performance evaluations, standing alone, cannot constitute an adverse employment action"); *Smart v. Ball State Univ.*, 89 F.3d 437, 442 (7th Cir. 1996) (same).

The second incident occurred on March 25, 2004, and it resulted in a five-day disciplinary lay-off without pay. This claim is timely.  Contrary to defendant's arguments, such an action is obviously an adverse employment action.  On this claim, Grady has come forward with sufficient evidence to defeat summary judgment.  Though he has no direct evidence of disability discrimination, he has come forward with evidence from which a jury could reasonably conclude that he was subjected to discriminatory discipline – *i.e.*, that he was singled out for harsher treatment than other similarly situated supervisors who were responsible

for similar or larger losses in production, and that the factual basis for discipline was so weak and even dishonest as to permit an inference of pretext and thus of discriminatory intent. That is not the only way to view the evidence, of course, but on summary judgment, Grady is entitled to the benefits of conflicts in the evidence and the most favorable reasonable inferences that might be drawn from the evidence.

Accordingly, summary judgment is denied as to the claim for disability discrimination based on the April 2004 five-day disciplinary lay-off. Defendant's motion for summary judgment is granted with respect to all race discrimination claims and plaintiff's hostile environment claim under the ADA. As for the May 2003 reprimand, defendant is entitled to summary judgment to the extent that plaintiff seeks relief based on that incident, though evidence of the incident will of course be admissible with respect to the similar incident in 2004.

Defendant's motion to continue the trial and final pretrial conference is also denied. The parties should have sufficient time to complete trial preparations for the trial scheduled for July 17, 2006, with a final pretrial conference on July 7, 2006.

So ordered.

Date: June 20, 2006

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-4-

Copies to:

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Aarika Denise Mack
BARNES & THORNBURG LLP
aarika.mack@btlaw.com

Jay Meisenhelder
HASKIN LAUTER LARUE & GIBBONS
jmeisenhelder@hlllaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Mark Thomas Robbins
HASKIN LAUTER LARUE & GIBBONS
mrobbins@hlllaw.com